UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BANK OF NEW YORK MELLON, as successor in Interest to JP Morgan Chase Bank NA as Trustee for GSR Mortgage Loan Trust, Series 2003‑13 formerly known as The Bank of New York,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>FRANK J. SORIANO, JANE M SORIANO, and DOES 1 through 20, inclusive,<br><br>　　　　　　Defendants.<br>_____/ | No. C 12-01808 LB<br><br>ORDER GRANTING MOTION TO REMAND |

## I. INTRODUCTION

Plaintiff Bank of New York Mellon (the "Bank") brings this motion to remand its unlawful detainer action against pro se Defendants Frank J. Soriano and Jane M. Soriano (collectively, "Defendants"). Mot., ECF No. 6.[1] Defendants removed the action to federal court on the basis that Plaintiff's notice allegedly was defective under the federal Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220. Notice of Removal, ECF No. 1 ¶¶ 8, 10. The court grants the Bank's Motion to Remand because Defendant's removal was untimely and because the unlawful detainer action presents only a state claim on its face.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 12-01808 LB
ORDER

All parties have consented to the court's jurisdiction. ECF Nos. 9, 10 and 11. Defendants did not file an opposition to Plaintiff's motion. *See* N.D. L.R. 7-3(a) (requiring opposition briefs to be filed within fourteen days after the motion is filed). After considering the case history, Plaintiff's brief, and the applicable law, the court determines that this matter is appropriate for resolution without oral argument. N.D. Cal. L.R. 7-1(b).

## II. FACTS

On June 3, 2003, Defendants purchased property located at 115 La Merida Court, Novato, California (the "Property"). Request for Judicial Notice[2] ("RJN"), ECF No. 6-1 at 2; *Id.* Ex. 1 at 4-6. A Deed of Trust naming Defendants as "borrowers" was recorded in the official records of the Marin County Recorder's office at Inst. No. 2003-0072555. *Id.* at 4.

On October 11, 2011, the Bank acquired title in the Property by a Trustee's Deed Upon Sale following foreclosure proceedings against Defendants. Complaint, ECF No. 1, ¶ 6; RJN, . The Bank claims that the foreclosure complied with section 2924 of the California Civil Code. *Id.* The transfer of title to the subject property was duly perfected in Plaintiff by the recording on October 17, 2011, of a Trustee's Deed Upon Sale, in the official records of the Marin County Recorder's office, as Instrument No. 2011-0052314. *Id.* Ex. 1, ECF No. 1 at 13.

On November 3, 2011, the Bank, through a California registered process server, served a Notice to Any Renters and a Notice to Quit on Defendants, in compliance with California Code of Civil Procedure §§ 1161a(b), 1161a(c), and 1161c. Compl., ECF No. 1, ¶¶ 9-13; *Id.* Ex. 2-3, ECF No. 1 at 16-19. The notice to quit required Defendants to vacate within three days. *Id.* Defendants, however, continue to remain in possession of the Property without the Bank's permission. *Id.* ¶ 12.

On November 17, 2011, the Bank filed a complaint in the Marin County Superior Court against

---

[2] Plaintiff requests the court take judicial notice of two exhibits. RJN, ECF No. 6-1. Exhibit 1 is a Deed of Trust recorded on June 19, 2003. RJN Ex. 1, ECF No. 6-1 at 4-26. Exhibit 2 is a Trustee's Deed Upon Sale recorded on October 17, 2011. RJN Ex. 2, ECF No. 6-1 at 28-30. The court takes judicial notice of both documents and the undisputed facts contained therein because they are public records. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt.Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201(b); *see also Fontenot v. WellsFargo Bank, N.A.*, 198 Cal. App. 4th 256, 264-67 (2011)

1  Defendants, alleging a single state law cause of action for unlawful detainer and seeking immediate
2  possession of the property, damages of $60.00 per day for each day that defendants continue to
3  possess the property, costs, and other relief the court may deem just and proper. *Id.* at 8, 11. On
4  December 5, 2011, Defendants filed a demurrer in state court. Defs.' Demurrer, ECF No. 1 at 21-
5  26. On April 11, 2012, Defendants removed to federal court, based on federal jurisdiction. Notice
6  of Removal, ECF No. 1 at 1-3.

### III. LEGAL STANDARDS

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[3] 28 U.S.C. 1441(b). The removing defendant has the burden of proving the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). A plaintiff may "by eschewing claims based on federal law, choose to have the cause be heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987). And an anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). But a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Id.* at 22.

A federal court may exercise removal under the "artful pleading" doctrine even if a federal question does not appear on the face of the complaint. *ARCO Environmental Remediation, L.L.C. v. Dep't of Health and Environmental Quality of the State of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). The artful pleading doctrine applies when: (1) federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a

---

[3] District courts have original jurisdiction over cases that arise under the laws of the United States. U.S. Const. art. III, § 2, cl.1.

1  substantial, disputed federal question. *Id.* However, courts should "invoke the [artful pleading]
2  doctrine only in limited circumstances as it raises difficult issues of state and federal relationships
3  and often yields unsatisfactory results." *Lippitt v. Raymond James Financial Services*, 340 F.3d
4  1033, 1041 (9th Cir. 2003). Additionally, the "mere presence of a federal issue in a state cause of
5  action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals*
6  *Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

### IV. DISCUSSION

#### A. Whether the Complaint Was Timely Removed

Defendants argue that they complied with the procedures for removing the suit pursuant to 28 U.S.C. § 1446. Notice of Removal, ECF No. 1 at 2. The Bank argues that Defendants did not timely remove the complaint. Mem. of P. & A., ECF No. 6 at 5. The Bank claims that Defendants were served with the state court Summons and Complaint by November 27, 2011, but it fails to include any support for this assertion. *See Id.* at 5. Nonetheless, the court concludes service was proper by December 20, 2011, when the Defendants filed their State Court Demurrer. *See* Demurrer, ECF No. 1 at 21. Thus, at the latest, Defendants could have timely removed the state court action until January 19, 2012. *See* 28 U.S.C. 1446(b). Defendants, however, did not file their Notice of Removal until April 11, 2012. ECF No. 1.[4] Accordingly, the court finds that Defendant's removal was untimely.

#### B. Whether the PTFA Provides a Basis for Federal-Question Jurisdiction

Defendants claim that "[f]ederal question jurisdiction exists because Defendants' demurrer, a pleading depend [sic] on the determination of Defendants' rights and Plaintiffs duties under federal law." *Id.* ¶ 10. Defendants claim that their state court demurrer argued that the Bank failed to provide them with notice to vacate the premises in compliance with the PTFA. *Id.* ¶ 8. The Bank

---

[4] The court would still reach the same result if it construed as admissions the Bank's unsupported allegations regarding Defendants' filing for bankruptcy. *See* Mem. of P. & A., ECF No. 6 at 4. The Bank alleges that the bankruptcy filing automatically stayed the state court proceedings from February 6, 2012 to March 22, 2012. *Id.* Because the 30-day period for timely removal would have lapsed before the stay would have taken effect, Defendant's Notice of Removal would have been untimely in any case.

counters that the PTFA does not apply to Defendants, who are not tenants, but the former owners of the subject property. Mem. of P. & A., ECF No. 6 at 5 (citing RJN Exs. 1-2).

The court finds that it lacks subject matter jurisdiction under these circumstances for a simpler reason. The parties do not dispute that Plaintiff's Complaint asserts only a state law cause of action for unlawful detainer. *See* Mem. of P. & A. ECF No. 6 at 1; Notice of Removal, ECF No 1 ¶ 7. Defendant asserted only federal-question jurisdiction as a basis for removal. *See* Notice of Removal, ECF No. 1, ¶¶ 7-10. At most, Defendant's assert a federal defense under the PTFA. A federal defense, however, does not support federal-question jurisdiction. *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir.2005); *Merrell Dow*, 478 U.S. at 813.

## V.  CONCLUSION

For the foregoing reasons, the court **GRANTS** the Bank's motion to remand.

**IT IS SO ORDERED.**

Dated: July 26, 2012

_____
LAUREL BEELER
United States Magistrate Judge